**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 05-1398 |
| | ) | |
| DEKEYSER EXPRESS, INC., | ) | |
| TNT LOGISTICS CORPORATION, | ) | |
| TRELLEBORG YSH, INC., | ) | |
| and LOLA CAMP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TRELLEBORG YSH, INC., | ) | |
| | ) | |
| Counterplaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREAT WEST CASUALTY COMPANY, | ) | |
| | ) | |
| Counterdefendant. | ) | |

**O R D E R**

Before the Court is Defendant Dekeyser Express, Inc.'s ("Dekeyser") Motion for Declaration of Estoppel ("Motion for Summary Judgment") [Doc. #55-1]; Plaintiff Great West Casualty Company's ("Great West") Opposition to Defendant's Motion for Summary Judgment [Doc. #83-1]; Defendant's Reply to Plaintiff's Opposition [Doc. #104]; and Joinder Motions filed by Defendants Trelleborg YSH, Inc. ("Trelleborg") [Doc. #59], Lola Camp ("Camp") [Doc. #60], and TNT Logistics Corporation ("TNT") [Doc. #77].

It appears that in their apparent attempt to flood this Court

with as many unnecessary documents as possible, the parties in this case have run out of legitimate means to effectuate this end. Instead, they have now taken up the task of creating their own motions out of thin air, in the hopes that this Court would be too inundated with their previous filings to take note of this fact. However, the Court regrets to inform Dekeyser that it has failed in its present attempt.

The Federal Rules of Civil Procedure list and explain, quite clearly, the types of motions recognized in the federal courts. Among others, Rule 12 sets out the various motions to dismiss, and Rule 56 does the same for motions for summary judgment. Astonishingly enough, "Motion for Declaration of Estoppel" did not make the final cut in the Federal Rules.  Thus, this Court would advise Dekeyser's counsel (as well as all other counsel in this matter, as this is far from the first document to be filed with little to no respect for either the federal or local rules or this Court's time) to take a moment to give the Federal Rules a quick glance over before inevitably filing their next fifty documents.

After a further inspection of Dekeyser's "Motion for Declaration of Estoppel", it appears that Dekeyser is attempting to file both a motion for summary judgment and a complaint for a declaratory judgment all in one procedurally defective document. Dekeyser claims that it is moving "pursuant to 28 U.S.C. § 2201 and Rules 56 and 57."  [Doc. #55-1, pg. 1].  However, Fed. R. Civ. P.

56 governs motions for summary judgment, and both Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 govern declaratory judgments.  Dekeyser also refers to its motion as "[t]his declaratory judgment action", [Doc. #55-1, pg. 1], and states "[t]his is a declaratory judgment action." [Doc. #56-1, pg. 1].  This poses significant procedural defects.

A defendant may bring a declaratory judgment action in a counterclaim against a plaintiff, but a declaratory judgment action may not be brought pursuant to a "Motion for Declaration of Estoppel".  It is well-settled that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, **upon the filing of an appropriate pleading**, may declare the rights and other legal relations of any interested party seeking such declaration[.]"  28 U.S.C. § 2201(a) (emphasis added). However, Dekeyser has failed to file an "appropriate pleading" as dictated by Rule 7 of the Federal Rules of Civil Procedure.  Thus, the correct procedural posture would have been for Dekeyser to file a counterclaim seeking a declaratory judgment against Great West, as the other defendants in this case have already done.

Furthermore, even if Dekeyser had properly filed a counterclaim seeking a declaratory judgment against Great West, the simultaneous Motion for Summary Judgment would still fail because it is procedurally defective.  A motion for summary judgment may only be filed twenty days after the commencement of the suit or after service of a motion for summary judgment from the adverse

3

party. See Fed. R. Civ. P. 56(a). Neither condition precedent has occurred in this case. Rather, Dekeyser has attempted to file a declaratory judgment action and a motion for summary judgment simultaneously -- in one document. This is certainly a violation of Rule 56(a) of the Federal Rules of Civil Procedure.

In addition, Dekeyser has ignored the local rules of this Court governing the filing of motions for summary judgment. See CDIL-LR 7.1(D). Local Rule 7.1(D) expressly states that all motions for summary judgment should contain the following sections with appropriate headings: "Introduction"; "Undisputed Material Facts"; and "Argument". CDIL-LR 7.1(D)(1). Despite filing its "Motion for Declaration of Estoppel" in the Central District of Illinois pursuant to Fed. R. Civ. P. 56, Dekeyser has neglected to include the appropriate sections and headings. See id.

This is problematic because attorneys who choose not to adhere to the local rules drain both the Court's time and resources. As it has been carefully explained in Waldridge v. American Hoechst Corp., the local rules are "designed to streamline the resolution of summary judgment motions" and the Seventh Circuit has "repeatedly upheld the strict enforcement of these rules[.]" 24 F.3d 918, 921 (7th Cir. 1994) (stating that failure to comply with local rules is a fatal defect). Thus, any filings not in strict compliance with the local and federal rules will be stricken by this Court. See CDIL-LR 7.1(D).

IT IS THEREFORE ORDERED that Dekeyser's Motion for Declaration of Estoppel [Doc. #55] is STRICKEN.

IT IS FURTHER ORDERED that Great West's Response in Opposition [Doc. #83] and Dekeyser's Reply [Doc. #104] are also STRICKEN.

IT IS ALSO ORDERED that the Motions to Join in Dekeyser's Motion for Declaration of Estoppel filed by Defendants Trelleberg [Doc. #59], Camp [Doc. #60], and TNT [Doc. #77] are DENIED as MOOT.

FINALLY, IT IS ORDERED that Dekeyser is hereby granted leave to file within 21 days from the date of this Order a proper counterclaim for declaratory judgment or cross-motion for summary judgment in compliance with Rule 56 of the F.R.C.P. and Rule 7.1(D) of the Local Rules.

ENTERED this  31st  day of July, 2006.

        /s/ Joe B. McDade
        JOE BILLY McDADE
    United States District Judge